```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────
ANTHONY PRATT,
                    Plaintiff,
                                              11 Civ. 8355 (JGK)
        - against -
                                              MEMORANDUM OPINION AND
MAYOR BLOOMBERG, M. etc. al;                  ORDER OF SERVICE
NEW YORK CITY DEPARTMENT OF
CORRECTIONS; DORA B. SCHRIRO; WARDEN
CRIPP; MR. HIMMONS; CORRECTION
OFFICER SCOTT; MRS. LANDAN,
                    Defendants.
────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, a prisoner incarcerated currently in the Watertown Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief. The plaintiff's claims arise out of the alleged presence of asbestos in the Anna M. Koss Center ("AMKC") on Rikers Island while he was held there. Plaintiff sues Mayor Bloomberg; the "New York City Department of Corrections" (actually the New York City Department of Correction ("NYCDOC")); NYCDOC Commissioner Schriro; AMKC Warden Cripp; AMKC "Director of Asbestos" Himmons; an AMKC correction officer named Scott and AMKC "I.G.R.C. Representative" Landan.

## STANDARD OF REVIEW

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an

officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a pro se complaint liberally."  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

The plaintiff alleges that in October 2011, he was held in the AMKC.  He also alleges that "he is a licen[s]ed asbestos remover and has removed asbestos from pipes and floor tiles for [more] than two years."  He claims to "know[] what asbestos looks like when seen."  He alleges that most of the AMKC pipes, floor tiles and its ceiling heating system are deteriorating due to roof leaks.  He further alleges that asbestos from the pipes' insulation is captured by leaking water and flows into the AMKC

dormitory.  It is also blown into the dormitory by the ceiling heating system.

On October 17, 2011, Plaintiff filed a grievance with Landan, the AMKC "I.G.R.C. Representative."  On October 20, 2011, he received an unsatisfactory response.  He asked that his grievance be brought before the prisoner's grievance committee.  Landan told him that there was no such committee at the AMKC.  On October 20, 2011, Scott, a correction officer, came with Himmons, the AMKC "Director of Asbestos," to inspect the dormitory.  The plaintiff showed Himmons where he believed the asbestos was.  Himmons ignored him and took samples from "the wrong place[s]."  The plaintiff alleges that a chest x-ray examination of him when he was first brought into AMKC custody was negative.  A subsequent examination taken apparently after his transfer from NYCDOC custody revealed the presence of a 9 millimeter nodule on one of his lungs.

## DISCUSSION

A. The plaintiff's claims against Mayor Bloomberg

The plaintiff's claims against Mayor Bloomberg must be dismissed.  A plaintiff must plead the personal involvement of each defendant in a violation of § 1983. "There is no respondeat superior liability in § 1983 cases." Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995) (citing Monell v. Dep't of Soc. Servs.,

3

436 U.S. 658, 691 (1978). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  The law in this Circuit before Iqbal was that a plaintiff may state a claim against a supervisory defendant in a § 1983 case when the plaintiff alleges that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). However, courts in this Circuit are divided over the question of how many of the so-called Colon factors survive in the wake of Iqbal. Compare Martinez v. Perilli, No. 09 Civ. 6470, 2012 WL 75249, at *4 (S.D.N.Y. Jan. 5, 2012) ("[T]he five Colon categories still apply after Iqbal."), with Bellamy v. Mount Vernon Hosp., 07 Civ. 1801, 2009 WL 1835939, at *6 (S.D.N.Y. June 26, 2009) ("Only the first and part of the third Colon categories pass Iqbal's muster-a supervisor is only held liable if that supervisor participates directly in the alleged constitutional violation or if that supervisor creates a policy or custom under

4

which unconstitutional practices occurred."), aff'd, 387 F. App'x 55 (2d Cir. 2010). Our Court of Appeals has not addressed the question directly yet, but it has indicated that at least some of the Colon factors other than direct participation remain viable. See Rolon v. Ward, 345 F. App'x 608, 611 (2d Cir. 2009) ("A supervisory official personally participates in challenged conduct not only by direct participation, but by (1) failing to take corrective action; (2) creation of a policy or custom fostering the conduct; (3) grossly negligent supervision, or deliberate indifference to the rights of others."); see also Scott v. Fischer, 616 F.3d 100, 108-09 (2d Cir. 2010). Moreover, it remains the case that "there is no controversy that allegations that do not satisfy any of the Colon prongs are insufficient to state a claim against a defendant-supervisor." Aguilar v. Immigration Customs Enforcement Div. of the U.S. Dep't of Homeland Sec., 811 F. Supp. 2d 803, 815 (S.D.N.Y. 2011).

The plaintiff alleges no facts about Mayor Bloomberg in his Amended Complaint. Therefore, his claims against Mayor Bloomberg are dismissed without prejudice.

B.   The plaintiff's claims against the NYCDOC

The plaintiff's claims against the NYCDOC must be dismissed because an agency of the City of New York is not an entity that

5

can be sued.  N.Y.C. Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); see Brewton v. City of New York, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999).

In light of the plaintiff's pro se status and his clear intention to assert claims against the City of New York, the Court construes the Amended Complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to substitute the City of New York for the NYCDOC.  See Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may assert.

## CONCLUSION

The Court dismisses the plaintiff's claims against Mayor Bloomberg without prejudice.  The Court also dismisses the plaintiff's claims against the "New York City Department of Corrections."  28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to add the City of New York as a defendant under Fed. R. Civ. P. 21.  The Clerk of the Court is also directed to notify the New York City Department of Correction and the New York City Law Department of this action.  The Court

requests that the following defendants waive service of summons: Commissioner Schriro; Warden Cripp (the Warden of the AMKC); Himmons (the AMKC "Director of Asbestos"); Correction Officer Scott, Shield #4048 and Landan (the AMKC "I.G.R.C. Representative").

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         April 17, 2012

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

7