**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------

**ANTHONY PRATT,**

                    **Plaintiff,**          11 Civ. 8355 (JGK)

      - against -                  **MEMORANDUM OPINION**
                                                       **AND ORDER**
**THE CITY OF NEW YORK, ET AL.,**

                    **Defendants.**
-----------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Anthony Pratt, a prisoner currently incarcerated in the Watertown Correctional Facility, brings this pro se action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief for claims arising from his alleged exposure to asbestos while being held in the Anna M. Koss Center ("AMKC") on Rikers Island.  The plaintiff brings this action against the City of New York, Commissioner of Corrections Dora B. Schriro, AMKC Warden Robert Cripps, AMKC Director of Asbestos Control Norman Hemmings, AMKC Correction Officer Preston Scott, and AMKC Inmate Grievance Resolution Committee Supervisor Elizabeth Landan (collectively, the "defendants").  The defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession

or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted). "Even in a pro se case, however, ... threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see Benavides v. Grier, No. 09 Civ. 8600, 2011 WL 43521, at *1 (S.D.N.Y. Jan. 6, 2011); see also Barnes v. Pozzi, 2012 WL 3155073, No. 10 Civ. 2554, at *1 (S.D.N.Y. Aug. 3, 2012).

## II.

The following factual allegations set forth in the Amended Complaint are accepted as true for the purposes of this motion to dismiss unless otherwise noted. As of October 2011, the plaintiff was incarcerated in the AMKC. (Am. Compl. at 3.) He

3

alleges that most of the AMKC pipes and the AMKC ceiling heating system are deteriorating due to roof leaks.  (Am. Compl. at 3.)  Leaking water captures small asbestos particles ("friable asbestos") from the deteriorated pipes and heating system and brings the friable asbestos into the AMKC dormitory.  (Am. Compl. at 3.)  The friable asbestos is also blown throughout the dormitory by the ceiling heating system.  (Am. Compl. at 3.) The plaintiff was able to identify this asbestos contamination because "he is a licen[s]ed asbestos remover and has removed asbestos from pipes and floor tiles for [more] than two years." (Am. Compl. at 3.)  He claims to "know[] what asbestos looks like when seen."  (Am. Compl. at 3.)

On October 17, 2011, the plaintiff filed a grievance form with AMKC's Inmate Grievance Program alleging that there was asbestos in his living area.  (Am. Compl. at 3.)  After receiving an apparently unsatisfactory response to his grievance, the plaintiff asked Inmate Grievance Resolution Committee Supervisor Elizabeth Landan ("Landan") that his grievance be brought before the "inmates grievance committee." (Am. Compl. at 3.)  Landan told him that there was no such committee at the AMKC.  (Am. Compl. at 3.)

4

On October 20, 2011, Hemmings, the AMKC "Director of Asbestos" ("Hemmings"),[1] inspected the plaintiff's dormitory, accompanied by AMKC Correction Officer Scott. (Am. Compl. at 3.) The plaintiff alleges that he showed Hemmings which areas of the dormitory needed to be tested for asbestos, but that Hemmings ignored the plaintiff and took samples from "newly replaced floor tiles." (Am. Compl. at 3.)

The plaintiff also alleges that an X-ray conducted after he had been at the AMKC facility revealed the presence of a 9 millimeter nodule on one of his lungs. (Am. Compl. at 4.) However, when he first entered AMKC custody he had undergone an X-ray which came back negative. (Am. Compl. at 4.)

On November 15, 2011 the plaintiff filed a Complaint (the "Original Complaint") bringing an action under 42 U.S.C. § 1983 based on his exposure to friable asbestos at AMKC. (Compl. at 1.) The Original Complaint was dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on December 14, 2011. (February 15, 2012 Order, ECF No. 7 at 2.) On January 13, 2012, the Plaintiff filed a second complaint which the Court construed as an amended complaint (the "Amended Complaint"). The Court then

---

[1] The plaintiff identified the AMKC director of asbestos as "Mr. Himmons." (Am. Compl. at 3.) However, defense counsel advises that the correct spelling of the director's name is "Hemmings." Accordingly, The Court will refer to the director of asbestos as "Hemmings."

vacated the December 14, 2011 Order and Judgment.  (February 15, 2012 Order, ECF No. 7 at 2.)

### III.

The defendants first argue that the plaintiff did not comply with the AMKC grievance procedures and that this action is therefore barred under The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Failure to exhaust "is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."  Jones v. Bock, 549 U.S. 199, 216 (2007).  Dismissal under Rule 12(b)(6) for non-exhaustion is appropriate only if a plaintiff's failure to exhaust is evident on the face of the complaint.  Id. at 215; see also Smalls v. Jummonte, No. 08 Civ. 4367(DAB), 2010 WL 3291587, at *2 (S.D.N.Y. Aug. 13, 2010) ("Plaintiff was not required to plead or demonstrate his exhaustion of the DOC's established grievance procedure in his Complaint before this Court, and the fact that he did not plead exhaustion does not

6

prove that he failed to exhaust."); Johnson v. Westchester Cnty. Dep't of Corr. Med. Dep't, No. 10 Civ. 6309(JGK), 2011 WL 2946168, at *2 (S.D.N.Y. July 19, 2011).

In this case, the Amended Complaint does not establish that the plaintiff failed to comply with the AMKC's grievance procedures. The Amended Complaint alleges the plaintiff "made [a] complaint to [the] inmates grievance [committee] about his living condition." (Am. Compl. at 3.) Further, the Amended Complaint states that the "Plaintiff informed Mrs. Landan that he, Plaintiff[,] is not satisfied with the answer to plaintiff['s] grievance and that it should be brought before the inmates grievance committee. Mrs. Landan informed plaintiff that there is no committee at [AMKC]." (Am. Compl. at 3.)

The Amended Complaint is not completely clear as to whether the plaintiff properly grieved his claim pursuant to AMKC procedures. However, that is not a valid basis for dismissal under Jones, which does not require that the plaintiff demonstrate exhaustion in the complaint. 549 U.S. at 216. The scope of proper AMKC grievance procedure, whether the plaintiff followed that procedure properly, and the effect, if any, of the statement Mrs. Landan allegedly made should be determined on a

motion for summary judgment under Rule 56, not a motion to dismiss under Rule 12(b)(6).[2]

The defendants submitted briefs purporting to detail the relevant grievance procedures and to demonstrate the plaintiff's failure to follow those procedures. A district court has two options when presented with matters outside the pleadings in response to a Rule 12(b)(6) motion: "the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under [Rule] 56 and afford all parties the opportunity to present supporting material." Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988) (internal citations omitted). If the Court were to treat this motion as a motion for summary judgment, the parties would be entitled to an opportunity to take discovery and submit additional relevant evidence, and the parties have not yet been allowed such an opportunity. See Hernández v. Coffey, 582 F.3d 303, 309 (2d

---

[2] Even if the plaintiff failed to exhaust his administrative remedies, Landan's alleged misleading statements may constitute special circumstances that would excuse the plaintiff's non-exhaustion. See Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (explaining that "special circumstances . . . [may] justify [a] prisoner's failure to comply with administrative procedural requirements (quoting Giano v. Goord, 380 F.3d 670, 676 (2d Cir. 2004)) (internal quotation marks omitted)). However, because the Amended Complaint does not establish that the plaintiff failed to exhaust, it is unnecessary to determine if special circumstances excuse non-exhaustion for purposes of deciding this motion to dismiss.

Cir. 2009).  The Court declines to convert this motion to dismiss into a motion for summary judgment, and, therefore, the Court cannot consider the materials that were not contained in the plaintiff's Amended Complaint.  See Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687, 689 (2d Cir. 1990).

Whether administrative remedies were in fact available to the plaintiff and whether they were otherwise ineffective are questions of fact that cannot be resolved on this motion to dismiss.  Accordingly, the defendants' motion to dismiss the Amended Complaint on the basis of the plaintiff's failure to exhaust administrative remedies is denied.

**IV.**

The defendants next argue that the plaintiff's allegations fail to state a claim of violation of the Eighth Amendment.[3]

---

[3] The defendants also argue the Court should dismiss the plaintiff's Eighth Amendment claim based on the reasoning of the vacated December 14, 2011 Order. (Defs.' Mem. in Supp. of Mot. to Dismiss the Compl. ("Defs.' Mem.") at 14.)  The Court declines to do so.  In essence, the defendants ask the Court to compare the Original Complaint to the Amended Complaint, find the two to be substantially the same, and then dismiss the Amended Complaint by relying on the reasoning in the vacated December 14, 2011 Order. (Defs.' Mem. at 14.)  However, the general rule is that an amended complaint supersedes an original complaint and renders it without legal effect.  See In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000); Harris v. City of N.Y., 186 F.3d 243, 249 (2d Cir. 1999) (explaining that an "Amended Complaint is the legally effective pleading for Rule 12(b)(6) purposes" (internal citation omitted)).  Thus the Court will decide this motion to dismiss

9

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. U.S. Const. amend. VIII; see Robinson v. California, 370 U.S. 660, 666 (1962) (the Eighth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment); see also Rhodes v. Chapman, 452 U.S. 337, 345 (1981) ("It is unquestioned that [c]onfinement in a prison . . . is a form of punishment subject to scrutiny under the Eighth Amendment standards" (quoting Hutto v. Finney, 437 U.S. 678, 685 (1978)) (alterations in original and internal quotation marks omitted)). To establish that conditions of confinement constitute cruel and unusual punishment, a plaintiff must prove both (i) a sufficiently serious deprivation and (ii) that the defendants acted with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). Thus, proof of an Eighth Amendment violation consists of both objective and subjective elements: the plaintiff must demonstrate that the alleged deprivation is

---

based on the facts alleged in the Amended Complaint, not based on the superseded Original Complaint. Moreover, the vacated Order has no precedential authority or effect and does not control the Court's decision on this motion to dismiss. See Andrulonis v. United States, 26 F.3d 1224, 1232 (2d Cir. 1994) ("In essence, when a judgment is vacated all is effectually extinguished" (quoting Falcon v. Gen. Tel. Co., 815 F.2d 317, 320 (5th Cir. 1987)) (internal quotation marks omitted)); see also Durning v. Citibank, N.A., 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) ("[A] decision that has been vacated has no precedential authority whatsoever." (citing O'Connor v. Donaldson, 422 U.S. 563, 578 n. 2(1975))).

10

sufficiently serious under an objective standard and that the charged officials acted with a sufficiently culpable state of mind. Hudson v. McMillian, 503 U.S. 1, 8 (1992); see also Amaker v. Goord, No. 98 Civ. 3634(JGK), 1999 WL 511990, at *6 (S.D.N.Y. July 20, 1999); Jolly v. Coughlin, 894 F. Supp. 734, 746 (S.D.N.Y. 1995), aff'd, 76 F.3d 468 (2d Cir. 1996).

Exposure to friable asbestos poses a sufficiently serious risk to health to satisfy the objective prong of an Eighth Amendment claim. See, e.g., LaBounty v Coughlin, 137 F.3d 68, 72 (2d Cir. 1998) (explaining that friable asbestos exposure is grounds for finding an Eighth Amendment violation); cf. Helling v. McKinney, 509 U.S. 25, 35 (1993) (explaining the potential future health risk caused by exposure to secondhand smoke may form the basis for relief under the Eighth Amendment). Thus, the plaintiff has alleged sufficient facts to satisfy the objective prong of his Eighth Amendment claim.

"To succeed in showing deliberate indifference, [a plaintiff] must show that the acts of defendants involved more than lack of due care, but rather involved obduracy and wantonness in placing his health in danger." LaBounty, 137 F.3d at 72-73 (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)). "In other words, [the plaintiff] must show that the defendants knew of the health dangers and yet refused to remedy the

11

situation, constituting deliberate indifference." LaBounty, 137 F.3d at 73.

When deciding whether the plaintiff has alleged sufficient facts to survive this motion to dismiss, the relevant alleged facts are as follows: friable asbestos was present in the dormitory in which Pratt was housed; the asbestos was brought into the dormitory through the drainage of rain water leaking from deteriorated pipes and was also blown throughout the dormitory by the ceiling heating system; on October 17, 2011, the plaintiff filed a grievance alleging that the dormitory was contaminated with asbestos; the AKMC IGRC responded to the plaintiff's grievance by stating that the heating pipes had "tested negative for asbestos" in 2007 and also sent Hennings, the "Director of Asbestos Control," to test the floor tiles; when the plaintiff asked Hennings to test certain deteriorated pipes, Hennings ignored the plaintiff and instead only tested newly replaced floor tiles. (Am. Compl. at 3.) The Amended Complaint thus alleges sufficient facts to find that Hennings deliberately avoided testing the potentially contaminated pipes and older floor tiles.

Moreover, at this preliminary stage it cannot be determined whether the fact that the heating pipes were found to be "negative for asbestos" during the 2007 inspection was sufficient to prove that the pipes were not dispersing asbestos

12

into the air in 2011. The facts alleged in the Amended Complaint are sufficient to support the inference that the pipes were damaged or otherwise deteriorated after 2007 and that the defendants were deliberately indifferent to this health risk by refusing to conduct additional testing of the pipes. Whatever the ultimate merit of the plaintiff's factual allegations, they suffice at this stage to raise a plausible inference that the defendants were deliberately indifferent to the health dangers posed by friable asbestos present at AKMC.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss is **denied**. The Clerk is directed to close **Docket No. 43**.

**SO ORDERED.**

**Dated:    New York, New York
           March 14, 2013**              _____/s/_____
                                              **John G. Koeltl
                                         United States District Judge**