UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 1-20-15

ANTHONY PRATT,

                     **Plaintiff,**

        - against -

THE CITY OF NEW YORK, et al.,

                **Defendants.**

**REPORT AND
RECOMMENDATION
11-CV-8355 (JGK) (RLE)**

**TO THE HONORABLE JOHN G. KOELTL:**

## I.    INTRODUCTION

On November 15, 2011, *pro se* Plaintiff Anthony Pratt ("Pratt") commenced this action

pursuant 42 U.S.C. § 1983. (Doc. No. 2.) Pratt alleges that when he was incarcerated at Anna

M. Kross Center, building C-95 at Rikers Island, the entire dormitory was contaminated with

asbestos. (*Id.*) Defendants filed an Answer on July 30, 2012, and moved to dismiss the case on

October 26, 2012. (Doc. Nos. 36, 43.) United States District Judge John G. Koeltl denied the

motion on March 14, 2013, and referred the case to the undersigned for general pretrial purposes

on September 10, 2013. (Doc. Nos. 53, 61.) Because Pratt has not contacted the Court since

September 15, 2014, I recommend that the Court **DISMISS THIS CASE WITHOUT**

**PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure.

## II.    BACKGROUND

On October 8, 2013, Pratt failed to appear at a conference held by the Court. The Court

ordered Pratt to explain his absence and to indicate how he intends to litigate his case. (Doc. No.

63.) The Court warned Pratt that failure to actively litigate his case could result in dismissal.

(*Id.*) Pratt responded by asking the Court to stay the case until 2014. (Doc. No. 64.) Defendants did not object to Pratt's request, but asked that Pratt respond to the City's interrogatories and requests for production of documents. (Doc. No. 65.) The Court set a new conference date of February 19, 2014, (Doc. No. 68), but Pratt again failed to appear.

By Order dated February 28, 2014, the Court ordered Pratt to contact the Court, and to explain his failure to appear at the February 19 conference. (*See* Doc. No. 69.) The Court further ordered Pratt to explain: (1) why he has not provided responses to Defendants' written requests for discovery; (2) when he is available to be deposed by Defendants' counsel; and (3) how he intends to proceed with his case. (*See id.*) Pratt responded by letter dated March 21, 2014, in which he explained that he was experiencing a personal problem, and that he required more time to adequately address the Court's questions. (Doc. No. 70.) The Court set a new conference for June 30, 2014, at 10:00 a.m. Pratt failed to appear for the conference, but he contacted the Court by telephone at 12:20 p.m. that same day.

The Court ordered Pratt to contact the Court by September 15, 2014, and provide a working phone number. (Doc. No. 72.) Pratt submitted a letter to the Court on September 15, 2014, in which he provided his telephone number and asked the Court to grant him an extension of time to respond to the above mentioned inquiries because of a recent medical condition. (Doc. No. 73.) The Court ordered that Pratt contact the Court by October 1, 2014, and respond to the Court's inquiries. (Doc. No. 74.) Pratt did not responded.

On October 6, 2014, the Court called Pratt at the phone number he provided to the Court. No one answered the phone, but the Court left a message on the answering machine, asking Pratt to contact the Court. The Court called Pratt again on October 27, 2014. This time an

unidentified woman answered the phone, and was given a message to have Pratt contact the Court. Pratt did not respond.

On October 30, 2014, the Court ordered Pratt to contact the Court by November 14, 2014. (Doc. No. 75.) The Court ordered Pratt to explain: (1) why he has not provided responses to Defendants' written requests for discovery; (2) when he is available to be deposed by Defendants' counsel; and (3) how he intends to proceed with his case. (*Id.*) The Court also warned that non-compliance with the Order would result in this case being dismissed for failure to prosecute. (*Id.*) Again, Pratt did not responded, and has not contacted the Court as of the date of this Report and Recommendation.

## III.    DISCUSSION

The district court has discretion to dismiss cases for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (*citing Harding v. Fed. Reserve Bank of New York*, 707 F.2d 46 (2d Cir. 1983)). "A District Court may, *sua sponte,* dismiss an action for lack of prosecution." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). The Second Circuit, however, has added a caveat to this discretionary power, cautioning that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (*citing Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). Dismissal should be determined in "light of the whole record." *Lucas*, 84 F.3d at 535. The Second Circuit has further advised district courts to "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Id.* (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

3

Accordingly, the Second Circuit has established the following factors to be considered in determining whether a *pro se* litigant's case should be dismissed for lack of prosecution under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535 (citing *Jackson v. City of N.Y.*, 22 F.3d 71, 74-76 (2d Cir. 1994) and *Alvarez*, 839 F.2d at 932).

In the present case, Pratt has not communicated with the Court since September 15, 2014. In its last two Orders, the Court warned Pratt that his failure to actively litigate his case would result in its dismissal. Further delay of the proceedings would prejudice Defendants, and would unnecessarily impact on the Court's docket. The Court recommends that dismissal without prejudice under 41(b) is warranted.

## IV.    CONCLUSION

Because Pratt has failed to pursue his claim, and because he failed to comply with the Court's Orders despite warning of dismissal, I recommend that the above-entitled action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the Chambers of the Honorable John G. Koeltl, 500 Pearl Street, New York, NY 10007, Room 1030, and to the Chambers of the

4

undersigned, Room 1970.  Failure to file timely objections shall constitute a waiver of those

objections both in the District Court and on later appeal to the United States Court of Appeals.

*See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892

F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**SO ORDERED this 20th day of January 2015**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

A copy of this Order was sent to:

Anthony Pratt
c/o Alicia Powe
784 Columbus Avenue, Apt. 8F
New York, New York 10025